# ORIGINAL

FILED
U.S. DISTRICT COURT
DUBLIN DIV

2009 MAY 29 PM 1:45

CLERK _L. Flanders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EUGENE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-025 |
| | ) | |
| GLENN RICH, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 30, 2009, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). The March 30th Order and the Trust Fund Account Statement form itself clearly explained that Plaintiff is required to provide information for the six-month period immediately preceding the submission of the complaint to the Court. (See doc. nos. 4, 6). The March 30th Order also cautioned Plaintiff that failure to respond would be an election to have this case voluntarily dismissed, without prejudice. (See doc. no. 4).

Plaintiff returned the Trust Fund Account Statement and the Consent to Collection of Fees form on April 10, 2009. (Doc. nos. 5, 6). However, the Trust Fund Account Statement only listed Plaintiff's average monthly deposits and balance for one month he had been at Wheeler, instead of the last six months of incarceration.[1] (See doc. no. 6). Accordingly, on April 20, 2009, the Court granted Plaintiff an extension of time until May 15, 2009 to return a properly completed Prisoner Trust Fund Account Statement providing the necessary financial information. (Doc. no. 8). Two copies of the Prisoner Trust Fund Account Statement were attached to Plaintiff's service copy of the April 20th Order, and Plaintiff was again cautioned that failure to respond would be an election to have his case voluntarily dismissed, without prejudice. (Id. at 2). The time to respond has passed, and Plaintiff has not submitted a properly completed Prisoner Trust Fund Account Statement in accordance with the Court's March 30th and April 20th Orders, nor has he provided the Court with any explanation why he has not complied.

The information provided in Plaintiff's Trust Fund Account Statement demonstrates that Plaintiff has a spendable amount of $23.81 in his inmate account and has outstanding obligations of $667.15. (Doc. no. 6, p. 2). However, the account statement does not disclose Plaintiff's deposits over the past six months. The absence of this information is particularly concerning because Plaintiff disclosed in his IFP motion that he received $1,500.00 in October 2008 in settlement of claims presented in a prior civil action. (See doc. no. 2, p. 2). That said, Plaintiff cannot proceed IFP unless he submits a properly completed Trust Fund

---

[1]Prior to his incarceration at Wheeler, Plaintiff was incarcerated at, *inter alia*, Mens State Prison, Autry State Prison, Valdosta State Prison, Hays State Prison, Coffee Correctional Facility, and Augusta State Medical Prison. (Doc. no. 6, pp. 4-11).

Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). While Plaintiff has consented to the collection of the filing fee, he has not submitted a properly completed Trust Fund Account Statement that provides the necessary information for the six-month period immediately preceding the submission of his complaint. Without this information, the Court cannot determine whether Plaintiff should be permitted to proceed IFP, and procedural requirements prevent the screening of Plaintiff's complaint without the resolution of this issue.

Plaintiff has been warned repeatedly that failing to return and properly complete the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 29th day of _May_, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3